IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin M. Pitts, | C/A No. 8:20-cv-00092-JFA-KFM |
| Plaintiff, | |
| vs. | **ORDER** |
| State of South Carolina, Anderson County Sheriff's Office, Mindy Hervey, Charles Witten, J. Martin, Mike J. Peluso, R. Gebing, | |
| Defendants. | |

## I.    INTRODUCTION

Kevin M. Pitts ("Plaintiff"), proceeding *pro se* and *in forma pauperis* brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 22). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

On April 15, 2020, the Magistrate Judge filed a Report which recommends that this Court dismiss Plaintiff's complaint without prejudice and issuance and service of process. Plaintiff timely filed Objections to the Report on May 29, 2020. Thus, the Magistrate Judge's Report is ripe for review.

## II.     LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III.     DISCUSSION

The Magistrate Judge correctly opines that Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff asserts that his rights were violated when he was arrested and prosecuted by Defendants.

In *Heck*, the Supreme Court held that "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid,…a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254." As the District Court, we must "consider whether judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The Report submits that Plaintiff has not demonstrated that he has successfully challenged his conviction. The Court agrees. Plaintiff alleges that Defendants violated his rights when he was arrested and prosecuted. Subsequently, Plaintiff pled guilty to murder in exchange for his charge for possession of a weapon during a violent crime being disposed via *nolle prosequi indicted*. Because Plaintiff was convicted of murder and there is no evidence that he has successfully invalidated this conviction, Plaintiff's claims are barred by *Heck*.

In the Objections, Plaintiff argues that Officer Peluso and Gebing committed misconduct because they failed to show that their informant knew him, they searched his house without a warrant, they arrested him without a warrant,  he did not possess a weapon at the time of the arrest, the informant never identified him in a photo lineup, and Officer Peluso and Gebing fabricated evidence. Plaintiff's arguments against the Report's conclusions are unsupported allegations. Plaintiff fails to demonstrate that he has either successfully challenged his conviction or that a judgment in his favor would not invalidate his conviction such that his claims would not be barred by *Heck*.

Therefore, the Court adopts the Report as to its recommendation that Plaintiff's claims are barred by *Heck* and overrules Plaintiff's objection on this ground.

Additionally, the Report submits that Plaintiff's claims should be dismissed because they fail to state a claim for relief. Specifically, Plaintiff has brought claims against the state of South Carolina, Solicitor Mindy Hervey, Anderson County Sheriff's Office, and Charles Whiten, Esquire

which the Report recommends this Court dismiss for failure to state a claim under § 1983. First, the Report concludes that Plaintiff's claims against South Carolina should be dismissed because South Carolina is entitled to Eleventh Amendment Immunity. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). The Report also concludes that Solicitor Mindy Hervey ("Hervey") is entitled to prosecutorial immunity. As for Anderson County Sheriff's Office, the Report recommends this claim be dismissed because the office is not a "person" under §1983. Finally, the Report finds that Charles Whiten, Esquire ("Whiten"), Plaintiff's criminal defense attorney, is not a state actor and therefore, the claims against him should be dismissed. Plaintiff did not file objections to the Report's recommendation as to his claims against the state of South Carolina and Anderson County Sheriff's Officer. Therefore, the Court adopts the Report as to these claims and they are dismissed.

Plaintiff filed objections to the Report's recommendation as to his claims against Whiten and Hervey. He objects to the Report's recommendation that his claim against Whiten is barred because he was "grossly misinformed about the case by his counsel and relies upon that misinformation Plaintiff is deprived of his constitutional right to counsel." Plaintiff argues he received ineffective assistance of counsel because his counsel failed to contest the illegal means of the arrest and it is his duty to learn of any favorable evidence, knowledge of agents acting on the government behalf including prosecutor and police. Plaintiff states "my attorney testified at PCR he had no knowledge of the nolle prose entry a plea." Plaintiff's claims against Charles Whiten fail because his claims for ineffective assistance of counsel are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (186). As such, Plaintiff's ineffective assistance of counsel claims would be

more appropriately raised in a motion pursuant to 28 U.S.C. § 2255. To the extent these claims are not for ineffective assistance of counsel, Charles Whiten is not a state actor and Plaintiff's allegations do not alter his status. *See Goodyear v. Hornung*, No. 07-cv-276-FTM-29SPC, 2007 WL 1362735, at 2 (M.D. Fla. May 7, 2007) (dismissing § 1983 claim because "plaintiff's privately retained defense counsel and his paralegal are not state actors".).

Therefore, the Court adopts the Report as to Plaintiff's claims against Defendant Charles Whitten and overrules Plaintiff's objection.

Additionally, Plaintiff asserts that Solicitor Mindy Hervey "violated SCRCP Rule 3.8-A-0" by not refraining from a charge not supported by probable cause. He alleges that Hervey withheld exculpatory evidence, relied on impeachment evidence to achieve a conviction prior to the entry of the guilty plea, used impeachment evidence to commit fraud upon the court, and violated his due process rights. However, the Court agrees with the Report that Hervey is entitled to absolute prosecutorial immunity for actions carried out in prosecuting a case. *See Nero v. Mosby,* 890 F.3d 106, 117-18 (4th Cir. 2018) (holding absolute prosecutorial immunity applies to actions "intimately associated with the judicial phase of the criminal process.").

Therefore, the Court adopts the Report as to Plaintiff's claims against Defendant Solicitor Mindy Hervey and overrules Plaintiff's objection.

The Report also addresses Plaintiff's excessive force claim against Defendant Officers Carpenter, Matherson, Peluso, Gebing, and Martin. The Report recommends the Court dismiss these claims because they are barred by the statute of limitations. A § 1983 claim for excessive force accrues on the date of the arrest or the assault. *See Smith v. McCarthy*, 349 F. App'x 851, 856-57 (4th Cir. 2009). The statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations. *See Hamilton v. Middleton*, C/A No. 4:02-cv-

01952-23, 2003 WL 23851098, at * 4 (D.S.C. June 20, 2003). The Report concludes that Plaintiff's claim accrued when he was arrested on September 11, 2004 and expired three years later on September 11, 2007. Accordingly, the complaint filed on January 6, 2020 is beyond the limitations period. Plaintiff does not object on to the Report's conclusion on this ground.

Therefore, the Court adopts the Report as to Plaintiff's excessive force claim against Defendant Officers Carpenter, Matherson, Peluso, Gebing, and Martin.

As to Plaintiff's claim for Fourth Amendment violations of false arrest and malicious prosecution, the Report concludes that Plaintiff's indictment bars these claims. "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012). The Court takes judicial notice of Plaintiff's state criminal proceedings, including his grand jury indictments for murder and possession of a weapon during a violent crime. *See* Anderson County Public Index, Case Numbers H109649, H109650. Plaintiff does not object on to the Report's conclusion on this ground.

Therefore, the Court adopts the Report as to Plaintiff's claim for Fourth Amendment violations of false arrest and malicious prosecution.

Finally, in addition to the Report's recommendations as to Plaintiff's claims, the Magistrate Judge recommends that this action be designated as a "strike pursuant" to 28 U.S.C. § 1915(g). § 1915(g) states in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision, which provides that prisoners who repeatedly file meritless lawsuits lose the right to proceed without prepayment of fees and costs, has become known as the "three strikes" provision. The only exception to this provision is if the "prisoner is under imminent danger of serious physical injury." *Id.*

The Court agrees with the Report's recommendation. The Court takes judicial notice that the instant action is one of Plaintiff's lawsuits which assert substantially similar claims. *See Pitts v. Warden of Lee Corr. Inst.*, C/A No. 6:18-cv-00291-JFA (D.S.C.); *Pitts v. Warden of Lee Corr. Inst.*, C/A No. 6:17-cv-00697-JFA (D.S.C.); *Pitts v. Warden Lee Corr. Inst.*, C/A No. 3:11-cv-02093-JFA (D.S.C.). The dismissal of the instant action constitutes a strike because Plaintiff's claims are being dismissed for failure to state a claim. "The fact that an action was dismissed as frivolous, malicious, or failing to state a claim…determines whether the dismissal constitutes a strike under section 1915(g)." *Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013).

Therefore, the Court adopts the Report and designates this action as a "strike" pursuant to 28 U.S.C. § 1915(g).

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 22). Thus, Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. This action shall serve as a "strike" in accordance with 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

August 5, 2020                          Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge